NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3002
_____

MICHAEL EVAN KEELING,
                                        Appellant

v.

PETE DAMITER, Corr/Supt/Assistance SCI Frackville;
MR. SMITHROVICH; MS. MIRANDA; MR. SHUTT;
MR. SHANNON; MRS. BURKS; JEFFREY BEARD;
MR. KERESTES; MR. VARANO; MR. DAMORE;
MS. LAMAS; MR. WILLIAMSON; MR. PIAZZA;
SHIRLEY MOORE; LOUISE CICERCHIA;
JOSEPH SEMON; CHRIS PUTRAM;
NORMAN DEMMING; RICH KELLER;
DR. ANDREW LOPUHOVSKI; DR. KEVIN MISKELL;
DR. MICHAEL KLOPOTOSKI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-09-cv-00147)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 22, 2011

Before:  SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Filed: November 23, 2011)

_____

OPINION OF THE COURT
_____

PER CURIAM.

Michael Evan Keeling appeals the District Court's order granting Appellees' motion for summary judgment. For the reasons below, we will affirm.

The procedural history of this case and the details of Keeling's claims are well known to the parties, set forth in the Report and Recommendation, and need not be discussed at length. Briefly, Keeling filed a complaint pursuant to 42 U.S.C. § 1983 in which he alleged that the appellees retaliated against him based on his litigation activities. After discovery, appellees moved for summary judgment. The District Court determined that Keeling had failed to establish a connection between the alleged retaliatory conduct and Keeling's unsuccessful lawsuits filed years earlier. The District Court granted Appellees' motion for summary judgment. After the District Court denied his motion filed pursuant to Fed. R. Civ. P. 59(e), Keeling filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order granting summary judgment <u>de novo</u> and review the facts in the light most favorable to the nonmoving party. <u>Burns v. Pa. Dep't of Corr.</u>, 642 F.3d 163, 170 (3d Cir. 2011). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Keeling alleged that in 2007 and 2008, Appellees denied him a transfer and removed his "Z-code" housing status in retaliation for his filing of two lawsuits in 2000 and 2002. A prisoner alleging retaliation must demonstrate that (1) his conduct was

2

constitutionally protected; (2) he suffered an adverse action by prison officials; and (3) his protected conduct was a substantial or motivating factor in the adverse action. Brightwell v. Lehman, 637 F.3d 187, 194 (3d Cir. 2011). The Magistrate Judge and District Court thoroughly addressed Keeling's claims in the Report and Recommendation and the Memorandum orders. The District Court concluded that Keeling had not shown a causal connection between the appellees' purportedly retaliatory acts in 2007 and 2008, and Keeling's lawsuits filed years earlier. We agree and have nothing further to add to their analysis.

For the above reasons, we will affirm the District Court's judgment.